**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: _____

IN THE MATTER OF COE J. and MAGAN M. KUNZ

       Petitioners,

v.

UNITED STATES OF AMERICA

       Respondent.

---

**PETITION TO QUASH SUMMONS**
**(COE J. AND MAGAN M. KUNZ)**

---

PETITIONERS, Coe J. and Magan M. Kunz, through their undersigned attorney, pursuant to 26 U.S.C. §7609(b)(2), respectfully moves the Court to enter an order quashing the administrative Summons issued by the Internal Revenue Service to their accountant, Mr. John K. Morris, CPA, seeking Mr. Morris's appearance to provide testimony on January 13, 2022, at 9:00 am.

In support hereof, Petitioners state as follows:

## I.    INTRODUCTION.

1.    On or about December 20, 2021, Internal Revenue Service Revenue Agent Wendy L. VanDeventer ("Agent VanDeventer") issued an administrative Summons to John K. Morris, seeking his appearance *via* Zoom to provide testimony on January 13, 2022, at 9:00 am, in connection with the IRS's examination of Petitioners' 2018 through 2020 individual income tax returns (the "Summons").  A copy of the Summons to Mr. Morris is attached here as **Exhibit A**.

1

2.      Mr. Morris provided tax advice to Petitioners and prepared two of the tax returns at issue (2018 and 2019).

3.      The Summons was improperly issued, and should be quashed, for each of these reasons:

a.   The Summons seeks privileged information, protected by 26 U.S.C. §7525;

b.   The Summons exceeds the IRS's summons authority as enunciated by the United States Supreme Court in *U.S. v. Powell*, 379 U.S. 48 (1964); *Reisman v. Caplan*, 375 U.S. 440 (1964); and *United States v. Clarke*, 134 S. Ct. 2361 (2014); and

c.   Enforcement would violate Petitioner's right to representation protected by the Taxpayer Bill of Rights ("TABOR"), as codified at 26 U.S.C. §7803(a)(3).

## II.      JURISDICTION AND VENUE.

4.      Under 26 U.S.C. §7609(h), Jurisdiction and venue properly lie in this Court because Mr. Morris resides, and has his principal place of business, in the State of Colorado.

## III.      BACKGROUND AND GENERAL ALLEGATIONS.

5.      On or about November 5, 2021, the Internal Revenue Service initiated an examination of Petitioners' 2018 and 2019 individual income tax returns (IRS Form 1040).  The IRS's examination of Petitioners' returns flowed from an examination of the returns of Petitioner Coe Kunz's parents (Glenn G. and Gloria G. Kunz) and a corporation 100% owned by Mr. Kunz's father (Kunz Construction Company Residential Division).  The examination is being conducted by Agent VanDeventer.

6.      On or about December 17, 2021, Agent VanDeventer expanded the examination to include Petitioners' 2020 individual income tax return (IRS Form 1040).

7.      Petitioners retained Mr. Morris to provide tax advice and prepare their 2018 and 2019 tax returns.  He has been a duly licensed Certified Public Accountant in the State of Colorado since 1979.

8.      Since the audits were initiated, Petitioners have fully cooperated in every aspect of the IRS's investigation:

   a.   Agent VanDeventer issued three (3) Information Document Requests requesting documents relevant to the examination.  Petitioners timely provided all requested documents and explanations.

   b.   In the fall of 2021, Respondent's Revenue Agent requested Petitioners voluntarily appear for an interview.  Petitioners agreed and an informal interview was scheduled for January 4, 2022.  Agent VanDeventer, however, cancelled the scheduled interview; and, against IRS policy issued Summonses to each of Petitioners to appear and provide testimony on January 14, 2022.

9.      Mr. Morris has no direct, personal knowledge concerning any of the transactions at issue in the IRS's examination.  Any relevant knowledge or information he possesses was communicated to him by Petitioners or was obtained by reviewing documents obtained from Petitioners that have already been provided to Agent VanDeventer.

10.     Agent VanDeventer has not indicated any information necessary to conclude her examination has been withheld by Petitioners, or that they have refused to provide any information she has requested.  Petitioners stand ready to continue to provide full responses to all proper and lawful requests from Agent VanDeventer.

## IV.     BASES FOR QUASHING THE SUMMONS.

11.     By this reference, Petitioners set forth here each of the allegations contained in paragraphs 1-10, above.

*The Powell Test.*

12.     In *U.S. v. Powell*, 379 U.S. 48 (1964), the United States Supreme Court enunciated a four-part test for determining whether the IRS acts within the congressionally enacted administrative authority in issuing a summons:  (1) whether the examination is conducted for a legitimate purpose; (2) whether the information sought is relevant to that purpose; (3) whether the information sought is already within the IRS's possession; and (4) whether proper administrative procedures have been followed.  The Summons at issue fails several of these tests.

13.     *First*, the Summons issued to Mr. Morris is not relevant to the purpose of determining the correct amount of tax owed by Petitioners.  Mr. Morris was Petitioners return preparer.  He is without direct, personal knowledge of any of the transactions at issue.

14.     *Second*, any non-privileged information sought from Mr. Morris is already in the possession of the IRS or could be obtained through less intrusive means.  Petitioners have fully cooperated with Agent VanDeventer throughout the investigation.  They have already provided the evidence relevant to the issues under examination (i.e.- the source documents relating to the transactions at issue) to Agent VanDeventer.  Mr. Morris cannot provide any new, non-privileged information.

15.     *Finally*, upon information and belief, Agent VanDeventer has not followed all proper administrative procedures prior to issuing the Summons.

*The Summons Seeks Privileged Information.*

16.     26 U.S.C. 7525 creates a federal privilege for communications between a taxpayer

and a federally authorized tax practitioner:

> With respect to **tax advice**, the same common law protections of
> confidentiality which apply to a communication between a taxpayer
> and an attorney shall also apply to a communication between a
> taxpayer and **any federally authorized tax practitioner** to the extent
> the communication would be considered a privileged
> communication if it were between a taxpayer and an attorney.

17.     Mr. Morris is a "federally authorized tax practitioner," who has advised

Petitioners on their tax matters, and prepared the tax returns at issue based on information

communicated to him by Petitioners.

18.     Mr. Morris has no direct, independent, personal knowledge about any of the

issues raised in the examination.

19.     All information Mr. Morris may have relevant to the issues in the examination are

privileged, and therefore protected from disclosure. 26 U.S.C. §7525.

*The Summons Violates Petitioners' Rights under TABOR.*

20.     26 U.S.C. 7803(a)(3) requires the Commissioner of Internal Revenue ensure that

employees of the Internal Revenue Service are familiar with and act in accord with taxpayer

rights, including, without limitation: the right to finality and the right to retain representation.

21.     By issuing the Summons to Mr. Morris, Agent VanDeventer has violated

Petitioners' right under TABOR to be represented.

## V.     CONCLUSION.

22.     For each of these reasons, this Court should quash the Summons.

WHEREFORE, Petitioners respectfully request this Court enter an Order quashing the Summons issued by Agent VanDeventer to Mr. Morris; and affect such further relief as to this Court seems just and proper.

Dated this 10th day of January, 2022.

ANDERSON & JAHDE, P.C.

s/ *Briana J. Fehringer*
Briana J. Fehringer, Reg. No. 44258
5800 S. Nevada Street
Littleton, Colorado 80120
Telephone: 303-782-0003
E-mail: briana@andersonjahde.com

/s/ *Brian F. Huebsch*
Brian F. Huebsch, CO Atty. Reg. 34192
5800 S. Nevada Street
Littleton, Colorado 80120
Telephone: (303) 782-0038
Fax:    (303)782-0055
Email: brian@andersonjahde.com

***Attorneys for Plaintiffs Coe and Magan Kunz***